IN THE UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMBER BLOOMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-00210-MDH |
| ) | |
| VIKING INSURANCE COMPANY OF ) | |
| WISCONSIN and MISSOURI ) | |
| DEPARTMENT OF SOCIAL SERVICES, ) | |
| DIVISION OF MEDICAL SERVICES, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion to Sever (Doc. 8) and Plaintiff's Motion to Remand (Doc. 10). Upon careful consideration of the issues presented and arguments provided by the parties, the Court hereby **GRANTS** Plaintiff's motion to remand and **DENIES AS MOOT** Defendants' motion to sever.

## BACKGROUND

On October 9, 2010, Plaintiff was involved in a motor vehicle accident and suffered serious injuries while riding as a passenger in a car driven by her husband, Calvin Bloomer. At the time of the accident, Calvin Bloomer had two automobile insurance policies in effect through Viking Insurance Company of Wisconsin ("Viking"). Each policy provided a $25,000 limit on liability for "bodily injury" caused by a "car accident" for which the "insured person" is found legally liable. The policies agreed to pay, in addition to the stated limits on liability, "[n]ecessary expenses incurred for first aid for others at the time of the car accident because of bodily injury covered by this Part." (emphasis removed).

On December 22, 2014, Plaintiff, Viking, and Calvin Bloomer entered into a settlement agreement. Under the terms of that agreement, Viking agreed to pay Plaintiff a sum of $50,000 representing the combined limit on liability under the two policies in exchange for a complete release of liability for Calvin Bloomer under Mo. Rev. Stat. § 537.065. The agreement specified that "[i]n settling this case Calvin Bloomer does not admit liability or fault nor does his insurance carrier . . . admit that Calvin Bloomer has liability or fault." The settlement agreement further specified that "although Amber Bloomer is providing Calvin Bloomer with a complete Release, by this Agreement, she is expressly reserving her right to pursue a direct claim against [Viking] as a Third Party Beneficiary for benefits provided under the 'First Aid Provision' of the policy" and "[Viking] expressly agrees that . . . [it] will not contest Amber Bloomer's standing to bring such an action[.]"[1]

On February 10, 2015, Plaintiff filed suit in the Circuit Court of Jackson County.[2] Plaintiff's petition asserts three counts. Count One is a contractual cause of action against

---

[1] The full paragraph wherein Viking agrees not to contest standing provides:

> By signing this agreement Viking Insurance Company of Wisconsin expressly agrees that in any subsequent proceeding by Amber Bloomer against Viking Insurance Company of Wisconsin, Viking will not contest Amber Bloomer's standing to bring such an action against Viking as a Third Party Beneficiary to the First Aid Coverage provided for in the insurance policies issued to Calvin Bloomer. Viking is not waiving its ability to argue that the provision does not cover any of the first aid expenses incurred as a result of Amber Bloomer's injuries or the extent of any such coverage, it is only agreeing not to take the position or assert that Amber Bloomer has no standing to bring a direct action against Viking as a Third Party Beneficiary to the contract as to the First Aid Provision only. Viking agrees that upon the filing of any such future action by Amber Bloomer against Viking regarding coverage under the First Aid Provision Viking will not seek dismissal, summary judgment or file any pleading or make any type of agreement that Amber Bloomer has no standing to bring such a claim because she is not a Third Party Beneficiary to the contract.

Pl's Pet. Ex. 3, at Part II ¶ 4.

[2] Viking filed a parallel suit against Plaintiff and Calvin Bloomer in federal court on January 28, 2015, seeking a declaration that Plaintiff is not entitled to first aid benefits under the policies (Case No. 6:15-cv-03041-MDH). Plaintiff was served in the federal case on February 6, 2015. After filing this suit in state court on February 10, 2015, Plaintiff moved to dismiss the parallel federal suit on the basis of abstention. Viking then removed this case to federal court and argued abstention is improper because no state court proceeding exists. The Court ordered that the federal case filed by Viking be stayed pending resolution of Plaintiff's motion to remand filed herein.

2

Case 4:15-cv-00210-MDH   Document 28   Filed 07/08/15   Page 2 of 9

Viking for first aid benefits under Calvin Bloomer's policies of liability insurance; it is brought by Plaintiff as a third party beneficiary and does not name Calvin Bloomer as a party defendant. Counts Two and Three assert causes of action against the Missouri Department of Social Services pursuant to Mo. Rev. Stat. § 208.215 and seek to reduce the Department's lien(s) over Plaintiff's prior settlement and anticipated future settlement/judgment with or against Viking.[3]

Defendant Viking filed a notice of removal arguing federal jurisdiction exists on the basis of diversity of citizenship under 28 U.S.C. § 1332. Viking states Plaintiff is a citizen of Missouri, Viking is a citizen of Wisconsin, and the Missouri Department of Social Services is a citizen of Missouri but was improperly joined "in a transparent attempt to defeat diversity jurisdiction" such that the claims against it should be severed and its citizenship should be disregarded for diversity purposes. Plaintiff filed a motion to remand, arguing the Department was not fraudulently misjoined and that Viking is a citizen of Missouri under 28 U.S.C. § 1332(c) such that complete diversity does not exist. Defendant's motion to sever and Plaintiff's motion to remand are now fully briefed and ripe for review.

## DISCUSSION

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Plaintiff's motion to remand challenges the Court's jurisdiction; therefore, the Court will address that issue first. *See Warner v. Chase Home Fin. LLC*, 530 F. App'x 614, 615 (8th Cir. 2013). The Court acknowledges that Defendant's motion to sever is

---

[3] Plaintiff alleges some of her medical expenses incurred as a result of the accident on October 9, 2010 were paid by the Missouri Department of Social Services Health Net Division. Under Missouri law, the Missouri Department of Social Services or MO HealthNet Division shall have a lien upon "any moneys to be paid by any insurance company ... in settlement or satisfaction of a judgment on any claim for injuries … to which the participant may be entitled which resulted in medical expenses for which the department or MO HealthNet division made payment." Mo. Rev. Stat. § 208.215.8. Courts have the authority to reduce or apportion the Department's lien proportionate to the recovery of the claimant. *Id.* at § 208.215.11.

related to its jurisdictional argument concerning fraudulent misjoinder; however, the Court finds remand appropriate based on the citizenship of Defendant Viking such that it is unnecessary to address the issue of fraudulent misjoinder.[4]

**A. Standard**

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). A defendant seeking removal "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship among the litigants. *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 619-20 (8th Cir. 2010). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* at 620 (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). A corporation is deemed to be a citizen of all states in which it is incorporated and the state in which it operates its principal place of business. 28 U.S.C. § 1332(c). Additionally, if the case involves a "direct action against the insurer of a policy or contract of liability insurance" and "the insured is not joined as a party-defendant" then the insurer is also deemed a citizen of any state in which the insured is a citizen. *Id.*

---

[4] The Court notes the doctrine of fraudulent misjoinder has been acknowledged but not adopted by the Eighth Circuit. *In re Prempro Products Liab. Litig.*, 591 F.3d 613 (8th Cir. 2010). The Eighth Circuit was hesitant to adopt the doctrine due to added complexity at the removal stage of litigation and the Court suggested challenges to joinder of claims would be better addressed in the state court proceeding prior to removal. *Id.* at 624 n. 8 (citing 14B Charles A Wright et al., Federal Practice and Procedure § 3723, at 658 (3d ed. 1998).

## B. Analysis

Here, Plaintiff argues Defendant Viking is a citizen of Missouri under 28 U.S.C. § 1332(c) because the insured, Calvin Bloomer, is a citizen of Missouri and because her suit is as a direct action against Viking as an insurer of a policy of liability insurance. The Court agrees.

The phrase "direct action" as used in 28 U.S.C. § 1332(c) is a term of art. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988); *Hayes v. Pharmacists Mut. Ins. Co.*, 276 F. Supp. 2d 985, 987 (W.D. Mo. 2003). The legislative history behind Section 1332(c) reveals Section 1332(c) was enacted in 1964 primarily to:

> eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant.

*Home Indem. Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974).[5] Based on the legislative history and purpose behind the direct action proviso, federal courts interpret the term "direct action" as used in Section 1332(c) to encompass only a limited number of claims brought by third parties directly against liability insurers.[6] Although the claim need not be brought under a

---

[5] The Supreme Court further elaborated the legislative purpose behind Section 1332(c):

> Congress added the proviso to § 1332(c) in 1964 in response to a sharp increase in the caseload of Federal District Courts in Louisiana resulting largely from that State's adoption of a direct action statute, La.Rev.Stat.Ann. § 22.655 (West 1959). The Louisiana statute permitted an injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as a defendant. Its effect was to create diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another State. Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tortfeasor as a defendant[.]"

*Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989) (internal citations omitted).

[6] The direct action proviso does not apply to actions brought by an insurance company, *Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6 (1989), nor does it typically apply to actions brought by an insured against his or her own insurance company, *see, e.g., Chinnock v. Safeco Nat. Ins. Co.*, No. 10-04105-CV-W-FJG, 2010 WL 2803056 (W.D. Mo. July 15, 2010) (collecting cases).

direct action statute in order to qualify as a "direct action," *see O. M. Greene Livestock Co. v. Azalea Meats, Inc.*, 516 F.2d 509, 510 (5th Cir. 1975), the claim should involve the following characteristics:

> The essential feature of a tort "direct action" is that the insurer has been substituted as a party-defendant for the legally responsible insured. *Rosa*, 981 F.2d at 675 n. 10. The term "direct action" as used in 28 U.S.C. § 1332(c)(1) refers to a case "in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901–02 (9th Cir. 1982) (citations omitted); *accord McGlinchey v. Hartford Accident & Indem. Co.*, 866 F.2d 651, 653 (3d Cir.1989); *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985). Thus, unless the cause of action against the insurance company is essentially the same claim that would seek liability against the insured, the action is not a direct action. *See Rosa*, 981 F.2d at 675.

*Hipke v. Kilcoin*, 279 F. Supp. 2d 1089, 1092 (D. Neb. 2003) (citing *Rosa v. Allstate Ins. Co.*, 981 F.2d 669 (2d Cir. 1992)).

Applying this legal background to the facts presented, the Court finds Plaintiff's cause of action qualifies as a "direct action" under Section 1332(c). Plaintiff sues Viking directly to recover compensation under Calvin Bloomer's automobile liability insurance policy. Under Missouri law, an injured party typically has no standing to bring such an action; rather, the injured party must first obtain a judgment of liability against the insured and then file a separate garnishment or equitable action to recover from the insurer. *Desmond v. Am. Ins. Co.*, 786 S.W.2d 144, 145 (Mo. Ct. App. 1989); *see generally* 30 Mo. Prac., Insurance Law & Practice § 5:1 (2d ed.).[7] The facts here are unique, however, because the settlement agreement provides standing for Plaintiff to sue Viking directly as a third party beneficiary under the first aid

---

[7] Such equitable garnishment actions under Mo. Rev. Stat. § 379.200 are considered "direct actions" under 28 U.S.C. § 1332(c). *See, e.g., Vill. at Deer Creek Homeowners Ass'n, Inc. v. State Auto. Ins. Co.*, No. 4:11-CV-339-NKL, 2011 WL 2681229, at *4 (W.D. Mo. July 8, 2011); *Kendall v. N. Assur. Co. of Am.*, No. 09-0539-CV-W-GAF, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009); *Prendergast v. Alliance Gen. Ins. Co.*, 921 F. Supp. 653, 655 (E.D. Mo. 1996).

provision of the insurance contract.[8] *See generally Drury Co. v. Missouri United Sch. Ins. Counsel*, 455 S.W.3d 30, 34 (Mo. Ct. App. 2014). To recover under the first aid provision of the insurance contract, Plaintiff must show the insured is legally liable for her bodily injury and that she incurred necessary expenses at the time of the car accident for first aid for that bodily injury.[9] Because Plaintiff must establish liability against Calvin Bloomer in order to recover under the contract, the cause of action against Viking is essentially the same action that would seek liability against Calvin Bloomer except that Plaintiff is entitled to bring the action directly against Viking without joining or first obtaining a judgment against Calvin Bloomer.[10] Thus, Plaintiff's suit classifies as a direct action under Section 1332(c).

Defendant's arguments to the contrary are unpersuasive. First, Defendant argues Plaintiff cannot proceed under the direct action proviso because she is a named insured under the policies. The policies here were issued to Calvin Bloomer and list Calvin Bloomer as the named insured on the declarations page; however, the policies define "you" as both the named insured on the declarations page *and* that person's spouse if residing in the same household. Despite this language, the Court finds Plaintiff can maintain a "direct action" under Section 1332(c). Plaintiff

---

[8] In the parties' settlement agreement, Viking explicitly "agree[d] not to take the position or assert that Amber Bloomer has no standing to bring a direct action against Viking as a Third Party Beneficiary to the contract as to the First Aid Provision[.]" Pl's Pet. Ex. 3, at Part II ¶ 4.

[9] The relevant policy language states that Viking will pay "[n]ecessary expenses incurred for first aid for others at the time of the car accident *because of bodily injury covered by this Part*." Pl's Pet. Ex. 2, at 4 (emphasis in original omitted, emphasis here added). Bodily injury covered by "this Part" includes bodily injury "caused by a car accident arising out of the ownership, maintenance or use of a car or utility trailer" and "for which any insured person is *legally liable*[.]" Pl's Pet. Ex. 2, at 3 (emphasis in original omitted, emphasis here added).

[10] This case is clearly distinguishable from cases that hold the direct action proviso is inapplicable because the claims brought solely against the insurer are unrelated to the liability of the insured. *See, e.g.*, *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674-79 (2d Cir. 1992) (proviso does not apply to claim by injured third-party under no-fault insurance contract because insured's liability or fault is not at issue); *Fincher v. St. Paul Fire & Marine Ins. Co.*, No. 08-00148-CV-W-FJG, 2008 WL 2323866, at *2 (W.D. Mo. June 2, 2008) (proviso does not apply to vexatious refusal action because insured's liability not at issue); *Hipke v. Kilcoin*, 279 F. Supp. 2d 1089, 1093 (D. Neb. 2003) (proviso does not apply to action for garnishment in aid of execution because "[w]here a tort action has been litigated against the insured, the insurer is no longer litigating the issue of its insured's liability but is instead 'litigating the existence of a new liability' – whether it owes a debt to its insured").

is proceeding as an injured third party beneficiary and not as an insured person under the contract. The parties' settlement agreement expressly preserves Plaintiff's right to sue as a third party beneficiary not as an insured, and Plaintiff's petition seeks relief as a third party beneficiary not as an insured under the policy. Moreover, the alleged tortfeasor here is Calvin Bloomer who is not a party to the suit. Under these circumstances, Plaintiff is not acting as an insured and the Court finds no good reason to apply the rule that prohibits direct actions by an insured against his/her insurer. *See, e.g., Glinchey v. Hartford Acc. & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989) ("when an insured, as the injured party, brings suit against his insurer, no direct action [can] be found because the insurer's status is not that of a 'payor of a judgment based on the negligence of one of its insureds'"); *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985) ("unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action").

Next, Defendant argues the "direct action" proviso applies only to claims brought in *tort* against the insurer to determine liability of the insured, which Plaintiff does not assert. As discussed above, Plaintiff must show Calvin Bloomer is legally liable for her bodily injury in order to prevail on her third party claim of entitlement to first aid benefits. *See supra* at n. 9. This case is distinguishable from those cases that hold Section 1332(c) does not apply because the claim there is against the insurer and unrelated to the liability of the insured. *See supra* at n. 10. Here, by contrast, the insured's liability is at issue, *see* Pl's Pet. ¶ 16, and such liability has not been previously determined, *see* Pl's Pet. Ex. 3, at Part I ¶ 5. Accordingly, this action brought pursuant to the parties' settlement agreement is exactly the type of case covered by Section 1332(c) – i.e. a case "in which a party suffering injuries or damage for which another is

8

legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *See Hipke v. Kilcoin*, 279 F. Supp. 2d 1089, 1092 (D. Neb. 2003) (citing appellate court cases).

Finally, Defendant argues the settlement agreement does not use the term "direct action" as that term of art is used in 28 U.S.C. § 1332.[11] Because the Court interprets the term "direct action" as used in the settlement agreement in accordance with Missouri state law and the spirit of the settlement agreement, Defendant's third argument is rejected.

## DECISION

This action constitutes a direct action under 28 U.S.C. § 1332(c) such that Defendant Viking must adopt the Missouri citizenship of its insured, Calvin Bloomer. Once that citizenship is applied, complete diversity is lacking because both Plaintiff and Defendant Viking are citizens of Missouri. The Court finds Defendant Viking failed to prove subject matter jurisdiction by a preponderance of the evidence and remand is appropriate.

Accordingly, Plaintiff's Motion to Remand (Doc. 10) is **GRANTED** and the case is hereby **REMANDED** to the Circuit Court of Jackson County, Missouri. Defendants' Motion to Sever (Doc. 8) and all other motions in the case (Docs. 19, 25) are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**
Dated: July 8, 2015                                      /s/ Douglas Harpool
                                                        **DOUGLAS HARPOOL**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[11] The settlement agreement states that Viking "agree[s] not to take the position or assert that Amber Bloomer has no standing to bring a *direct action* against Viking as a Third Party Beneficiary to the contract as to the First Aid Provision only." Pl's Pet. Ex. 3, at Part II ¶ 4 (emphasis added).